# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

LORI A. FISHER

| | |
|---|---|
| Chapter: | 7 |
| Case No.: | 1-16-bk-01908 RNO |
| Adversary No.: | 1-17-ap-00084 RNO |
| Document No.: | 9 |
| Nature of Proceeding: | Motion to Dismiss Adversary Proceeding |

Debtor(s)

MARKIAN R. SLOBODIAN, Trustee for the Bankruptcy Estate of Lori A. Fisher

Plaintiff(s)

vs.

PENNSYLVANIA STATE UNIVERSITY

Defendant(s)

## BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

### I.   Non-Core Matter

The Bankruptcy Court submits the following proposed findings of fact and conclusions of law to the United States District Court for the Middle District of Pennsylvania for de novo review.  This submission is made pursuant to the provisions of 28 U.S.C. § 157(c)(1).

I have reviewed the Complaint and the Motion to Dismiss.  Further, the Defendant has not consented to the Bankruptcy Court entering a final judgment concerning this dispute.  Def. The Pennsylvania State University's Mot. to Dismiss Pl.'s Compl. ¶ 8, ECF No. 9.  I conclude that the subject dispute is not a constitutionally core proceeding within the meaning of *Exec.*

---

[1]   Drafted with the assistance of Maria Babajanian, Esq., Law Clerk.

*Benefits Ins. Agency v. Arkison (In re Bellingham Insurance Agency, Inc.)*, 134 S.Ct. 2165, 2173 (2014). That is the reason for this submission to the District Court.

In this matter, the Chapter 7 Trustee filed a Complaint seeking to avoid tuition payments made by the Debtor to the Defendant/University. The tuition payments were for the Debtor's adult son. The Defendant/University moved to dismiss the Complaint. For the reasons stated herein, I recommend that the Motion to Dismiss be denied.

**II.   Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

**III.   Facts and Procedural History**

Lori A. Fisher ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on April 30, 2016. Markian R. Slobodian ("Trustee") was appointed as the Chapter 7 Trustee.

The Chapter 7 bankruptcy case was assigned to The Honorable Mary D. France. The Debtor obtained a Chapter 7 discharge on September 1, 2016. In light of her pending retirement, Judge France reassigned the bankruptcy case to me on February 26, 2017.

On May 25, 2017, the within Adversary Proceeding was commenced by the filing of a single count Complaint by the Trustee against Pennsylvania State University ("PSU"). In sum, the Complaint alleges that, within two years of the Petition date, the Debtor made tuition payments to PSU on behalf of her adult son. The Complaint also alleges that the tuition payments, totaling approximately $5,827.72, are recoverable as fraudulent transfers pursuant to the provision of the Bankruptcy Code. PSU filed a Motion to Dismiss alleging that the Complaint fails to state a claim upon which relief can be granted. Briefs have been filed in support of, and in opposition to, the Motion to Dismiss. A hearing was held on October 19,

2017, at which time the parties presented oral argument. The Motion to Dismiss is now ripe for proposed findings of fact and conclusions of law.

IV.   **Discussion**

    A.   **Standard to Decide Motions to Dismiss Under F.R.B.P. 7012(b)**

The Motion to Dismiss alleges that the Trustee failed to plead a claim upon which relief can be granted. Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b) applicable to bankruptcy adversary proceedings. Rule 12(b)(6) requires the dismissal of a claim when it fails to state a claim upon which relief can be granted. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Two seminal Supreme Court decisions provide the touchstone for the current Rule 12(b)(6) motion to dismiss standard. In *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court stated, "a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* required that a complaint contain enough facts to state a claim to relief that is plausible on its face. *Id*. at 1960.

Two years later, the Supreme Court decided *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In the majority opinion, Justice Kennedy wrote:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probably requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. at 1949 (internal citations and quotations omitted).

3

At this stage, only the alleged facts are viewed in the light most favorable to the Trustee, the non-moving party. Contrastingly, legal conclusions which are pled are not assumed to be correct at the motion to dismiss stage. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991); *McClain, Jr. v. C.O. Golden, et al.*, 2017 WL 3226471, at *2 (E.D. Pa. Jul. 28, 2017).

When a motion to dismiss is filed, I may consider the complaint as well as attached exhibits and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, at *1 (D.Del. Jan. 30, 2015). I may also consider any indisputably authentic document the defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on such document. *Pension Ben. Guar. Corp.*, 998 F.2d at 1196; *also see Miller v. Clinton County*, 544 F.3d 542, 550 (3d Cir. 2008).

    **B.**    **Elements of a Constructively Fraudulent Transfer Claim**

The Bankruptcy Code provides, in part:

> **(a)(1)** The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily --
>
> > **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> >
> > **(B)(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and

4

> **(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;**
>
> **(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;**
>
> **(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or**
>
> **(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.**

11 U.S.C. § 548(a)(1) (emphasis added).[2]  I note that the look back period for fraudulent transfers was increased from one to two years in 2005 with the passage of BAPCPA. *TSIC, Inc. v. Thalheimer (In re TSIC, Inc.)*, 428 B.R. 103, 110 (Bankr. D.Del. 2010).

Constructively fraudulent transfers are transactions which the law deems to be fraudulent. Such transfers may be free of actual fraud, but they are deemed to unfairly diminish a debtor's assets to the prejudice of creditors.  5 Collier on Bankruptcy ¶ 548.05 at 548-70 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The elements of a constructively fraudulent transfer claim are as follows: (1) the debtor had an interest in property; (2) that interest was transferred within two years of the bankruptcy filing; (3) the debtor was either insolvent at the time of transfer or became insolvent as a result of the transfer; and, (4) the debtor received less than reasonably equivalent value in exchange for the transferred property interest. *Youngman v. YA Global Investments, L.P.*, 2011 WL 576762, at

---

[2]   Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code" or "BAPCPA").

\*3 (Bankr. D.N.J. Feb. 9, 2011) (citing *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006)).

My colleague, Judge France, thus summarized the elements of a constructively fraudulent transfer claim:

> To avoid a transfer under § 548(a)(1)(B), the Trustee must prove that Debtor transferred its interest in property within two years of the filing of the bankruptcy petition for less than reasonably equivalent value and establish one of four other criteria. These criteria are: (1) Debtor was insolvent on the date of the transfer or became insolvent as a consequence of the transfer; (2) Debtor was engaged in or about to engage in a transaction for which its remaining property was unreasonably small capital; (3) Debtor intended or believed it would incur debts beyond its ability to pay; or (4) Debtor made transfers to or for the benefit of an insider under an employment contract that was outside the ordinary course of business.

*In re Int'l Auction & Appraisal Servs., LLC*, 493 B.R. 460, 467-468 (Bankr. M.D.Pa. 2013) (citing *TSIC, Inc. v. Thalheimer (In re TSIC, Inc.)*, 428 B.R. 103, 109 (Bankr. D.Del. 2010) (constructive fraud requires showing that a transfer was made for less than reasonably equivalent value and that one of four other conditions are satisfied)).

I will review the Complaint to determine whether it has plausibly pled the required elements for a constructively fraudulent transfer claim.

### C. Debtor's Interest in Property

There is little dispute between the parties that the Debtor made transfers to PSU. The Complaint alleges that from on or about August 16, 2014, until the April 30, 2016 Chapter 7 Petition date, the Debtor made payments to PSU on behalf of her adult son "for unreimbursed tuition totaling approximately $5,827.72." ("Tuition Payments"). Compl. ¶ 3, ECF No. 1. Exhibit "A" to the Complaint provides details concerning the Tuition Payments, noting items,

such as, tuition payments, tuition discounts, calculation of tuition, and activity fees. The entries on Exhibit "A" are dated from August 16, 2014, to April 6, 2016.

The Complaint alleges that the Tuition Payments were made from the Debtor's personal checking account. Compl. ¶ 7, ECF No. 1.

Viewing the alleged facts in the light most favorable to the Trustee, I find that the payment of the Tuition Payments to PSU constituted transfers within the meaning of § 548(a)(1) of the Bankruptcy Code. *In re Actrade Financial Technologies, Ltd.*, 337 B.R. 791, 803 (Bankr. S.D.N.Y. 2005) (there is no serious dispute that the transferor had an interest in the property – cash – which was paid to the defendant); *In re Nam*, 257 B.R. 749, 768 (Bankr. E.D.Pa. 2000) (it is undisputed that the Debtor had an interest in paychecks which were compensation from his employment).

I conclude that the Complaint plausibly pleads payment of the Tuition Payments which constitute a transfer(s) of the Debtor's interest in property.

### D.     Transfer of Property Interest within Two Years

Pursuant to Federal Rule of Evidence 201, I take judicial notice that the Chapter 7 Bankruptcy Petition in the underlying case was filed on April 30, 2016. Two years prior to the Petition date was April 30, 2014. A bankruptcy trustee cannot avoid, under § 548 of the Bankruptcy Code, transfers made more than two years prior to the petition date. *In re Maui Indus. Loan & Finance Co.*, 463 B.R. 499, 501 (Bankr. D.Haw. 2011).

After review of the Complaint's factual allegations in the light most favorable to the Trustee (including Exhibit "A" to the Complaint), I conclude that the Trustee has plausibly pled the requirement that the Tuition Payments complained of were made within two years before the date of the filing of the bankruptcy petition.

### E. Debtor's Insolvency

The Complaint alleges, "[a]t the time the Transfers were made, the amount Debtor owed her creditors exceeded the value of her property." Compl. ¶ 9, ECF No. 1.

PSU argues that the Trustee has not pled a plausible claim of insolvency; a required element for a constructively fraudulent transfer claim.

The terms "insolvent" is defined in the Bankruptcy Code to mean a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation . . ." 11 U.S.C. § 101(32)(A). To evaluate the fair value of a company's assets for the purpose of determining solvency, the appropriate premise of value must be applied – either going concern or liquidation value. *Travellers Int'l AG v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 134 F.3d 188, 193 (3d Cir. 1998); *Am. Classic Voyages Co. v. JPMorgan Chase Bank (In re Am. Classic Voyages Co.)*, 367 B.R. 500, 508 (Bankr. D.Del. 2007); *also see In re EBC I, Inc.*, 380 B.R. 348, 355 (Bankr. D.Del. 2008), aff'd 400 B.R. 13 (D.Del. 2009), aff'd 382 Fed. Appx. 135 (3d Cir. 2010).

Bankruptcy courts generally use a balance sheet test for insolvency; comparing assets to liabilities. This does not always involve a literal examination of the debtor's balance sheet; because, for example, the value of a company's assets may need to be adjusted up or down to reflect its going concern value. *Peltz v. Hatten*, 279 B.R. 710, 743 (D.Del. 2002); *also see In re Heilig-Meyers Co.*, 319 B.R. 447, 457-58 (Bankr. E.D.Va. 2004). The determination of an individual debtor's solvency is a balance sheet test which examines whether the debtor's assets exceeded her liabilities. *In re Dunston*, 566 B.R. 624, 637-38 (Bankr. S.D.Ga. 2017); *Carr v. Loeser (In re Int'l Auction & Appraisal Servs., LLC)*, 2014 Bankr. LEXIS 5294, at *20 (Bankr. M.D.Pa. Aug. 27, 2014).

I acknowledge PSU's point that this is not a case where there is a statutory presumption of insolvency, such as where a voidable preference is alleged pursuant to § 547(f). *Compare In re Lids Corp.*, 281 B.R. 535, 540 (Bankr. D.Del. 2002). Def. The Pennsylvania State University's Br. in Supp. of Mot. to Dismiss Pl.'s Compl. 11-12, ECF No. 11. However, PSU's argument that insolvency has not been properly pled appears to ignore paragraph nine of the Complaint which I quoted above. Further, it should be noted that constructive fraudulent transfer claims are not subject to the heightened pleading requirements of F.R.C.P. 9(b), made applicable by F.R.B.P. 7009. *In re Bernard L. Madoff, Inv. Sec. LLC*, 454 B.R. 317, 332 (Bankr. S.D.N.Y. 2011). Thus, where a claim of constructive fraud is alleged, the only consideration is whether the requirements of F.R.C.P. 8 have been met; did the defendant receive fair notice of the claim and the grounds upon which it rests? *Id.*; *also see In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 735 (Bankr. S.D.N.Y. 2008).

Viewing the pled facts in the light most favorable to the Trustee, I conclude that the Complaint has stated a plausible allegation of insolvency. PSU can pursue the specifics of the Trustee's proof, or lack thereof, through pre-trial discovery.

F. **Receipt of Less Than Reasonably Equivalent Value**

The Trustee and PSU have devoted the bulk of their arguments to whether or not the Debtor received reasonably equivalent value in exchange for the Tuition Payments. Each party has cited various bankruptcy court decision supporting his or its respective positions.

On balance, I find the cited cases to be largely procedurally or substantively distinguishable. I begin my brief discussion with the case of *In re Palladino*, 556 B.R. 10 (Bankr. D.Mass. 2016). Judge Hoffman considered cross-motions for summary judgment when a bankruptcy trustee sought to avoid tuition payments as constructively fraudulent. Judge

9

Hoffman noted, "[t]his is not the first lawsuit brought by a bankruptcy trustee to recover college tuition payments made by a parent for a child. Prior decisions offer conflicting guidance." *Id.* at 15. *Palladino* cites four prior cases. Two cases found the presence of reasonably equivalent value; two cases found such value to be absent. *Palladino* ultimately concluded that reasonable equivalence of value had been shown in the subject record. I distinguish *Palladino* because the record included, *inter alia*, an affidavit submitted by the debtor/mother. The affidavit included the mother's belief that a college education would make her daughter more financially self-sufficient and less likely to need her parents' future financial assistance. *Id.* at 15-16. In contrast to *Palladino*, at this stage of review, beyond the Complaint, there are no affidavits or other evidence for me to consider.

PSU cites *In re Cohen*, 2012 WL 5360956 (Bankr. W.D.Pa. Oct. 31, 2012) to support its position that reasonably equivalent value was provided for the Tuition Payments. Def. The Pennsylvania State University's Br. in Supp. of Mot. to Dismiss Pl.'s Compl. 5, ECF No. 11. The *Cohen* opinion was written by Judge Deller. His opinion was based upon a record established at a trial conducted by Judge Markovitz prior to his retirement. First, I note that the complaint in *Cohen* was grounded upon § 544(b)(1) and the Pennsylvania Uniform Fraudulent Transfer Act. Further, I find *Cohen* to be procedurally distinguishable because its findings and conclusions were based upon a trial record. Again, this stands in stark contrast to the limited record here.

The Trustee supports his position that there was a lack of reasonably equivalent value citing *In re Dunston*, 566 B.R. 624 (Bankr. S.D.Ga. 2017). In that case, Judge Coleman considered tuition payments totaling $87,807.00 paid to the defendant, Skidmore College ("Skidmore"). *Dunston* considered Skidmore's motion for summary judgment. The motion was

10

supported by the debtor's affidavit, several of her federal and state tax returns, and statements from her 529 College Savings Plan. Ultimately, *Dunston* concluded there was no material issue of fact regarding two of the transfers complained of and granted summary judgment in favor of Skidmore on those two transfers. However, it found that there was a material issue of fact as to the debtor's solvency at the time of the third transfer to Skidmore and, therefore, denied summary judgment as to that transfer. *Id.* at 640. Once again, I find *Dunston* to be procedurally distinguishable from the case at bar. It may bear repeating that the record here lacks the level of proof the court considered in *Dunston*.

Of the cases cited by the parties, the one with the closest procedural posture was cited by PSU. Judge Fehling considered a motion to dismiss in the case of *In re Lewis*, 2017 WL 1344622 (Bankr. E.D.Pa. Apr. 7, 2017). In *Lewis*, the trustee sought to recover tuition payments made to PSU. Critically, the payments were made directly from pre-petition loans which the debtor had obtained from the United States Department of Education. The *Lewis* court specifically found that the tuition payments were made to PSU "without passing through either Mr. Lewis [debtor] or his children." *Id.* at *1. In my view, the *Lewis* decision is grounded upon the court's finding that the Parent Plus loan proceeds were never the debtor's property and that there was no diminishment of the bankruptcy estate by reason of the payments to Penn State. *Id*. The Complaint herein alleges that the Tuition Payments were made from the Debtor's personal checking account. Compl. ¶ 7, ECF No. 1.

The *Lewis* court's finding that there was no transfer of the debtor's interest in property could have been dispositive as to the Motion to Dismiss. However, Judge Fehling proceeded to consider the issue of whether the debtors received reasonably equivalent value for the tuition payments. He concluded:

> A parent's payment of a child's undergraduate college expenses is reasonable and necessary expense for maintenance of the family and for preparing family members for the future. The parent therefore receives reasonably equivalent value in exchange for the tuition payment.

*Id.* at *4.

I agree with Judge Fehling's conclusion concerning reasonably equivalent value, to a limited extent. I conclude that the Debtor received at least some intangible value in exchange for the Tuition Payments. Presumably, she is now less worried about her son's future economic prospects.

However, there is an insufficient record for me to determine equivalence of value. The appropriate standard to withstand a motion to dismiss is that a *plausible* claim has been pled. I need not determine whether a *recoverable* claim has been pled.

At this stage, many factual questions are unanswered. I lack the answers to the following questions. Has the Debtor's son graduated? If so, in what is his degree? Is he presently employed? If so, what is his position and does it require an undergraduate degree? Is the Debtor currently providing any financial support to her son?

I fully recognize that a trial judge makes decisions based upon the record presented, rather than the record he or she imagines. However, I pose the above questions in an effort to demonstrate the paucity of the record at this stage.

I conclude that a factual record is required in order for PSU to overcome the allegation in the Complaint that the Debtor received less than a reasonably equivalent value in exchange for the Tuition Payments. Compl. ¶ 10, ECF No. 1. When a court determines that the debtor received at least some value for the transfer complained of, it must then determine "whether the debtor got roughly the value it gave." *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 213 (3d Cir.

2006). In making this analysis, the court should look to the totality of the circumstances. *Id.*; *In re R.M.L., Inc.*, 92 F.3d 139, 148 (3d Cir. 1996).

The totality of the circumstances analysis is, by definition, a fact-intensive inquiry. *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004); *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 662 (Bankr. E.D.Pa. 2009).

Per *Iqbal*, I assume the truth of the Complaint's factual allegations that the Debtor paid PSU Tuition Payments totaling $5,827.72. However, I have no assumed facts, nor any evidence, concerning what economic or other value the Debtor received for the Tuition Payments. Therefore, I cannot effectively determine whether reasonably equivalent value was exchanged.

I do find, for purposes of the Motion to Dismiss, the Trustee has plausibly pled that less than reasonably equivalent value was received by the Debtor in exchange for the Tuition Payments.

## V.     Recommendation

The Bankruptcy Court concludes that the Trustee has pled a plausible cause of action to avoid some or all of the Tuition Payments as constructively fraudulent transfers. Therefore, the Bankruptcy Court recommends that the Motion to Dismiss be denied. It is further recommended that the Defendant, Pennsylvania State University, be allowed twenty-one (21) days to file a responsive pleading to the Complaint.

The Bankruptcy Court submits the foregoing as proposed findings of fact and conclusions of law to the District Court for de novo review pursuant to 28 U.S.C. § 157(c)(1). The Clerk of the Bankruptcy Court is directed to serve copies of these Proposed Findings of Fact and Conclusions of Law on counsel for the parties in accordance with Fed. R. Bankr. P. 9033. The

Trustee and PSU are further placed on notice that, pursuant to Rule 9033(b), they may file objections to these Proposed Findings of Fact and Conclusions of Law as set forth in the Rule.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

November 7, 2017